# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**JOHNNY RAY EVANS**                                                        **PLAINTIFF**
**ADC #120543**

**v.**                                     **No: 4:20-cv-00290 LPR-PSH**

**ESTELLA BLAND**                                                            **DEFENDANT**

## ORDER

Plaintiff Johnny Ray Evans, an inmate at the Arkansas Division of Correction's (ADC) Varner Unit, filed a complaint pursuant to 42 U.S.C. § 1983 on March 19, 2020, alleging that defendant Estella Bland was deliberately indifferent to his serious medical needs related to his prosthetic leg, diabetic medication, and pain medication (Doc. No. 2).  Evans subsequently filed an amended complaint clarifying his claims against Bland (Doc. No. 4).  Discovery has closed, and both parties have filed motions for summary judgment.  *See* Doc. No. 19; Doc. Nos. 27-29; Doc. Nos. 35-37. Evans has since filed a Motion for Declaratory Judgment, in which he requests a jury trial, attorney fees, costs, compensatory and punitive damages, and a preliminary injunction (Doc. No. 60).  He also requests appointment of counsel.  Bland has filed a response (Doc. No. 61).

It is not clear whether Evans seeks immediate relief with this motion or is simply restating or clarifying his demand for relief. *See* Doc. No. 4 at 11-12. Regardless, his motion is denied. There are pending motions for summary judgment filed by both parties. The Court will review the evidence submitted by both parties and make a recommendation as to whether any of Evans' claims should be dismissed or set for trial. Until then, Evans should not seek a premature ruling on the merits of this case, and there is no need for him to clarify his demand for relief. Additionally, to the extent Evans seeks immediate injunctive relief, the Court cannot award injunctive relief without a proper motion setting forth specific facts warranting such relief.[1]

Evans' motion to appoint counsel is also denied. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action but the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1). The Court has considered Evans' need for an attorney, the likelihood that Evans will benefit from assistance of counsel, the factual complexity of the case, Evans' ability to investigate

---

[1] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995). In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 519-521 (citing *Modern Computer Systems v. Modern Banking Systems,* 871 F.2d 734, 737 (8th Cir. 1989) (en banc)).

and present his case, and the complexity of the legal issues.  In considering these factors, the Court finds that Evans' claims do not appear legally or factually complex, and it appears he is capable of prosecuting his claims without appointed counsel at this time.

IT IS SO ORDERED this 4th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

3