IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHNNY RAY EVANS  PLAINTIFF
ADC #120543

v. Case No. 4:20-CV-00290-LPR

ESTELLA BLAND  DEFENDANT

## ORDER

I have received a Proposed Findings and Partial Recommendation (PFPR) from Magistrate Judge Patricia S. Harris.[1] Defendant Bland has filed timely objections to the PFPR.[2] Plaintiff Evans has not. I have performed a careful and *de novo* review of the PFPR, the objections thereto, and the entire record. I adopt Judge Harris's PFPR in its entirety as my findings and conclusions in all respects.[3]

Three additional points bear mentioning. First, although the PFPR does not discuss Plaintiff Evans's Motion for Summary Judgment in any detail, the obvious import of the PFPR is that genuine disputes of material fact exist concerning the leg and diabetes issues, and so summary judgment is inappropriate for either party on these claims. Second, I have intentionally not considered the new evidence that Defendant Bland provided along with her objections. There is no good reason such evidence was not provided in the summary-judgment papers in front of Judge Harris. For purposes of summary judgment, it is too late in the game to try and gap-fill with new evidence.[4] Third, and similarly, it is also too late for Defendant Bland to take a summary-judgment

---

[1] Doc. 65.

[2] Doc. 70.

[3] There is one minor caveat. Defendant Bland is probably right in her criticisms of footnotes 4, 5, 6, and 7 in the PFPR. However, given the summary-judgment standard—including the requirement to make all reasonable inferences favor the nonmoving party—excising the offending material does not change the outcome of these motions.

[4] For this reason, the reconsideration motion embedded in Defendant Bland's objections is denied.

stand against the Equal Protection claim. If she wanted to do so, she should have done it in her summary-judgment papers in front of Judge Harris.

Defendant Bland's Motion for Summary Judgment is GRANTED in part and DENIED in part.[5] Plaintiff Evans's Motion for Summary Judgment is DENIED.[6] Judgment will be entered in Defendant Bland's favor on Plaintiff Evans's Eighth Amendment pain medication claim. Issues of fact remain for trial as to Plaintiff Evans's Eighth Amendment deliberate indifference claims regarding his prosthetic leg and diabetes medication. Plaintiff Evans's Equal Protection claim will also proceed to trial.

In footnote ten of the PFPR, Judge Harris explains that "Evans has not had the opportunity to hire a medical expert, and his requests for counsel have been denied." She recommends that, "[s]hould this recommendation be adopted, Evans should be appointed counsel who can seek expert testimony to support Evans' claims." The Court refers this matter back to Judge Harris to (1) appoint counsel and (2) establish the schedule for appointed counsel to obtain any desired expert testimony, make appropriate disclosures of such testimony, and complete discovery concerning such expert testimony. After all of that is complete, Judge Harris should inform the Court that this case is ready for trial, at which point the Court will issue a pretrial scheduling order.

IT IS SO ORDERED this 26th day of September 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] Doc. 27.

[6] Doc. 35.